IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 06-316-KAJ |
| BIO-RAD LABORATORIES, INC., | ) ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT BIO-RAD LABORATORIES, INC.**

Defendant Bio-Rad Laboratories, Inc. ("Bio-Rad"), for its Answer to the Complaint of plaintiff E.I. du Pont de Nemours and Company ("DuPont"), states as follows:

**NATURE OF THIS ACTION**

1. Bio-Rad admits that DuPont seeks to assert claims under: (a) the patent laws of the United States, Title 35, United States Code; (b) the Lanham Act, 15 U.S.C. § 1125; and (c) state law. Otherwise, denied.

**PARTIES**

2. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except that it admits, upon information and belief, that DuPont is a corporation organized and existing under the laws of the State of Delaware, and that DuPont has its principal place of business at 1007 Market Street, Wilmington, Delaware.

3. Bio-Rad admits that it is a corporation organized and existing under the laws of the state of Delaware, and that it has its principal place of business at 1000 Alfred Nobel Drive, Hercules, California 94547, and that DuPont accuses it of infringement. Otherwise, denied.

## JURISDICTION AND VENUE

4. Bio-Rad admits that DuPont seeks to assert claims for patent infringement, patent false marking, false designation of origin and unfair competition, and claims under state law, and that this Court has subject matter jurisdiction.

5. Bio-Rad admits the allegations of paragraph 5 of the Complaint.

## COUNT I
## PATENT INFRINGEMENT OF THE '986 PATENT

6. Bio-Rad repeats and realleges each of its responses to paragraphs 1-5, as though fully set forth herein.

7. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except that Bio-Rad admits that U.S. Patent No. 6,852,986 ("the '986 patent") states that it was issued on February 8, 2005, and is entitled "Fluorometer With Low Heat-Generating Light Source."

8. Bio-Rad denies the allegations of paragraph 8 of the Complaint.

9. Bio-Rad denies the allegations of paragraph 9 of the Complaint.

10. Bio-Rad denies the allegations in paragraph 10 of the Complaint.

11. Bio-Rad denies the allegations in paragraph 11 of the Complaint.

12. Bio-Rad denies the allegations in paragraph 12 of the Complaint.

13. Bio-Rad denies the allegations in paragraph 13 of the Complaint.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, FALSE ENDORSEMENT AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

14. Bio-Rad repeats and realleges each of its responses to paragraphs 1-13, as though fully set forth herein.

15. Bio-Rad admits that DuPont seeks to assert a claim for false designation of origin, false endorsement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Otherwise, denied.

16. Bio-Rad denies the allegations in paragraph 16 of the Complaint.

17. Bio-Rad denies the allegations in paragraph 17 of the Complaint.

18. Bio-Rad denies the allegations in paragraph 18 of the Complaint.

19. Bio-Rad denies the allegations in paragraph 19 of the Complaint.

20. Bio-Rad denies the allegations in paragraph 20 of the Complaint.

21. Bio-Rad denies the allegations in paragraph 21 of the Complaint.

## COUNT III
## FALSE ADVERTISING AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

22. Bio-Rad repeats and realleges each of its responses to paragraphs 1-21, as though fully set forth herein.

23. Bio-Rad admits that DuPont seeks to assert a claim for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Otherwise, denied.

24. Bio-Rad denies the allegations in paragraph 24 of the Complaint.

25. Bio-Rad denies the allegations in paragraph 25 of the Complaint.

26. Bio-Rad denies the allegations in paragraph 26 of the Complaint.

27. Bio-Rad denies the allegations in paragraph 27 of the Complaint.

28. Bio-Rad denies the allegations in paragraph 28 of the Complaint.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

29. Bio-Rad repeats and realleges each of its responses to paragraphs 1-28, as though fully set forth herein.

30. Bio-Rad admits that DuPont seeks to assert a claim for trademark infringement and unfair competition under the common law of Delaware. Otherwise, denied.

31. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Bio-Rad denies the allegations in paragraph 32 of the Complaint.

33. Bio-Rad denies the allegations in paragraph 33 of the Complaint.

34. Bio-Rad denies the allegations in paragraph 34 of the Complaint.

35. Bio-Rad denies the allegations in paragraph 35 of the Complaint.

36. Bio-Rad denies the allegations in paragraph 36 of the Complaint.

37. Bio-Rad denies the allegations in paragraph 37 of the Complaint.

## COUNT V
## FALSE PATENT MARKING

38. Bio-Rad repeats and realleges each of its responses to paragraphs 1-37, as though fully set forth herein.

39. Bio-Rad admits that DuPont seeks to assert a claim for false patent marking under 35 U.S.C. § 292. Otherwise, denied.

40. Bio-Rad denies the allegations in paragraph 40 of the Complaint.

41. Bio-Rad denies the allegations in paragraph 41 of the Complaint.

42. Bio-Rad denies the allegations in paragraph 42 of the Complaint.

43. Bio-Rad denies the allegations in paragraph 43 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

DuPont fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The making, use, sale, offer for sale and/or importation of any Bio-Rad apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '986 patent.

## THIRD AFFIRMATIVE DEFENSE

Bio-Rad is licensed under the '986 patent.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the '986 patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Bio-Rad prays for an Order:

A. Dismissing DuPont's claims against Bio-Rad with prejudice;

B. Declaring that the making, use, sale, offer for sale and/or importation by Bio-Rad of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '986 patent;

C. Declaring that the '986 patent is invalid;

D. Awarding to Bio-Rad its costs, including attorneys' fees, pursuant to 35 U.S.C. § 285; and

E. Granting such other and further relief to Bio-Rad as the Court may deem appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendant*
  *Bio-Rad Laboratories, Inc.*

November 3, 2006

544053

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on November 3, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

I also certify that copies were caused to be served on November 3, 2006, upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

> /s/  Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com