IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, )<br>a Delaware Corporation, )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　Plaintiff,　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>BIO-RAD LABORATORIES, INC., 　　　　　)<br>a Delaware Corporation, 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　Defendant. 　　　　　　)  | C. A. No. 06-316-*** |

### SCHEDULING ORDER

This _____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 22, 2007, and E.I. DU PONT DE NEMOURS AND COMPANY ("Du Pont") and BIO-RAD LABORATORIES, INC. ("Bio-Rad") having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference. The parties are in the process of discussing modifications of these procedures to simplify e-discovery in light of the recent

amendments to the Federal Rules of Civil Procedure and the parties' respective electronic systems.

2.  Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before Friday, September 7, 2007.

3.  Discovery.

   a.  Limitation on Hours for Deposition Discovery. Each side is limited to a total of seventy (70) hours of taking testimony by deposition upon oral examination of fact witnesses. Each side may take up to ten (10) hours of testimony upon oral examination for each expert who submits an expert report.

   b.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Parties have stipulated to take depositions outside of this district to the extent the parties agree for the convenience of witnesses and parties.

   c.  Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before Friday, November 9, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery pertaining to document

requests, request for admissions and interrogatories, set forth in Local Rule 26.1, shall be strictly observed.

        d.     <u>Disclosure of Expert Testimony</u>.  Unless otherwise agreed to by the parties, they shall serve their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony for those issues on which they bear the burden of proof on or before December 11, 2007, and serve a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before January 21, 2008.  All expert discovery in this case shall be initiated so that it will be completed on or before <u>February 21, 2008.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.     <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will

order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated 'confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties are required to discuss conducting a mediation on the dates proposed by the Magistrate Judge.

7. <u>Interim Status Report</u>. On <u>Monday, June 18, 2007</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On <u>Monday, June 25, 2007</u>, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 9:00 a.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court on <u>Wednesday, June 13, 2007</u>, a tutorial on the technology at issue. The hearing shall begin at 9:30 a.m. The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>Tuesday, March 4, 2008</u>, with the answering brief and supporting affidavits due <u>Tuesday, March 25, 2008</u>, and the reply brief and supporting affidavits due <u>Tuesday, April 8, 2008</u>.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on <u>Friday, October 19, 2007</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the

parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. Issues of claim construction in the form of the parties Joint Claim Construction Chart and supporting documents set forth in paragraph 11 shall be submitted to the Court no later than <u>Tuesday, March 4, 2008</u>. The parties shall serve and file opening claim construction briefs on <u>Tuesday, March 4, 2008,</u> and rebuttal briefs on <u>Tuesday, March 25, 2008</u>, all of which will be considered by the Court in conjunction with the parties' summary judgment motions.

13. <u>Hearing on Claim Construction</u>. Beginning at 2:00 p.m. on <u>Friday April 25, 2008</u>, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On <u>Friday, July 25, 2008</u>, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before <u>Friday, July 11, 2008</u>.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    <u>Trial</u>.  This matter is scheduled for a ten (10) day trial by jury beginning at 9:30 a.m. on <u>Monday, September 8, 2008</u>.  For the purposes of completing pretrial preparations, counsel should plan on each side being allocated a total of twenty-two (22) hours to present their case.

_____
UNITED STATES DISTRICT JUDGE

773104