IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>        Defendant. | C.A. No. 06-316-***<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT OF DEFENDANT BIO-RAD LABORATORIES, INC.**

Defendant Bio-Rad Laboratories, Inc. ("Bio-Rad"), for its Answer to the Amended Complaint of plaintiff E.I. du Pont de Nemours and Company ("DuPont"), states as follows:

**NATURE OF THIS ACTION**

1.   Bio-Rad admits that DuPont seeks to assert claims under: (a) the patent laws of the United States, Title 35, United States Code; (b) the Lanham Act, 15 U.S.C. § 1125; and (c) state law. Otherwise, denied.

**PARTIES**

2.   Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, except that it admits, upon information and belief, that DuPont is a Delaware corporation, and has its principal place of business at 1007 Market Street, Wilmington, Delaware.

3. Bio-Rad admits that it is a Delaware corporation, and has its principal place of business at 1000 Alfred Nobel Drive, Hercules, California 94547, and that DuPont accuses it of infringement. Otherwise, denied.

## JURISDICTION AND VENUE

4. Bio-Rad admits that DuPont seeks to assert claims for patent infringement, patent false marking, false designation of origin and unfair competition, and claims under state law, and that this Court has subject matter jurisdiction.

5. Bio-Rad admits the allegations of paragraph 5 of the Amended Complaint.

## COUNT I
## PATENT INFRINGEMENT OF THE '986 PATENT

6. Bio-Rad repeats and realleges each of its responses to paragraphs 1-5, as though fully set forth herein.

7. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, except that Bio-Rad admits that U.S. Patent No. 6,852,986 ("the '986 patent") states that it was issued on February 8, 2005, and is entitled "Fluorometer With Low Heat-Generating Light Source."

8. Bio-Rad denies the allegations of paragraph 8 of the Amended Complaint.

9. Bio-Rad denies the allegations of paragraph 9 of the Amended Complaint.

10. Bio-Rad denies the allegations in paragraph 10 of the Amended Complaint.

11. Bio-Rad denies the allegations in paragraph 11 of the Amended Complaint.

12. Bio-Rad denies the allegations in paragraph 12 of the Amended Complaint.

13. Bio-Rad denies the allegations in paragraph 13 of the Amended Complaint.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN, FALSE ENDORSEMENT AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

14. Bio-Rad repeats and realleges each of its responses to paragraphs 1-13, as though fully set forth herein.

15. Bio-Rad admits that DuPont seeks to assert a claim for false designation of origin, false endorsement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Otherwise, denied.

16. Bio-Rad denies the allegations in paragraph 16 of the Amended Complaint.

17. Bio-Rad denies the allegations in paragraph 17 of the Amended Complaint.

18. Bio-Rad denies the allegations in paragraph 18 of the Amended Complaint.

19. Bio-Rad denies the allegations in paragraph 19 of the Amended Complaint.

20. Bio-Rad denies the allegations in paragraph 20 of the Amended Complaint.

21. Bio-Rad denies the allegations in paragraph 21 of the Amended Complaint.

**COUNT III**
**FALSE ADVERTISING AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

22. Bio-Rad repeats and realleges each of its responses to paragraphs 1-21, as though fully set forth herein.

23. Bio-Rad admits that DuPont seeks to assert a claim for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Otherwise, denied.

24. Bio-Rad denies the allegations in paragraph 24 of the Amended Complaint.

25. Bio-Rad denies the allegations in paragraph 25 of the Amended Complaint.

26. Bio-Rad denies the allegations in paragraph 26 of the Amended Complaint.

27. Bio-Rad denies the allegations in paragraph 27 of the Amended Complaint.

28. Bio-Rad denies the allegations in paragraph 28 of the Amended Complaint.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

29. Bio-Rad repeats and realleges each of its responses to paragraphs 1-28, as though fully set forth herein.

30. Bio-Rad admits that DuPont seeks to assert a claim for trademark infringement and unfair competition under the common law of Delaware. Otherwise, denied.

31. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32. Bio-Rad denies the allegations in paragraph 32 of the Amended Complaint.

33. Bio-Rad denies the allegations in paragraph 33 of the Amended Complaint.

34. Bio-Rad denies the allegations in paragraph 34 of the Amended Complaint.

35. Bio-Rad denies the allegations in paragraph 35 of the Amended Complaint.

36. Bio-Rad denies the allegations in paragraph 36 of the Amended Complaint.

37. Bio-Rad denies the allegations in paragraph 37 of the Amended Complaint.

## COUNT V
## FALSE PATENT MARKING

38. Bio-Rad repeats and realleges each of its responses to paragraphs 1-37, as though fully set forth herein.

39. Bio-Rad admits that DuPont seeks to assert a claim for false patent marking under 35 U.S.C. § 292. Otherwise, denied.

40. Bio-Rad denies the allegations in paragraph 40 of the Amended Complaint.

41. Bio-Rad denies the allegations in paragraph 41 of the Amended Complaint.

42. Bio-Rad denies the allegations in paragraph 42 of the Amended Complaint.

43. Bio-Rad denies the allegations in paragraph 43 of the Amended Complaint.

## COUNT VI
## PATENT INFRINGEMENT OF THE '495 PATENT

44. Bio-Rad repeats and realleges each of its responses to paragraphs 1-43, as though fully set forth herein.

45. Bio-Rad is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint, except that Bio-Rad admits that U.S. Patent No. 7,109,495 ("the '495 patent") states that it was issued on September 19, 2006, and is entitled "Fluorometer With Low Heat-Generating Light Source."

46. Bio-Rad denies the allegations of paragraph 46 of the Amended Complaint.

47. Bio-Rad denies the allegations of paragraph 47 of the Amended Complaint.

48. Bio-Rad denies the allegations of paragraph 48 of the Amended Complaint.

49. Bio-Rad denies the allegations of paragraph 49 of the Amended Complaint.

50. Bio-Rad denies the allegations of paragraph 50 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

DuPont fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The making, use, sale, offer for sale and/or importation of any Bio-Rad apparatus, system, device, product or method does not infringe and has not in the past infringed any valid claim of the '986 patent or the '495 patent.

### THIRD AFFIRMATIVE DEFENSE

Bio-Rad is licensed under the '986 patent and the '495 patent.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the '986 patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the '495 patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Bio-Rad prays for an Order:

A. Dismissing DuPont's claims against Bio-Rad with prejudice;

B. Declaring that the making, use, sale, offer for sale and/or importation by Bio-Rad of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '986 patent or the '495 patent;

C. Declaring that the '986 patent is invalid;

D. Declaring that the '495 patent is invalid;

E. Awarding to Bio-Rad its costs, including attorneys' fees, pursuant to 35 U.S.C. § 285; and

  F. Granting such other and further relief to Bio-Rad as the Court may deem appropriate.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Rodger D. Smith II*

          _____
          Jack B. Blumenfeld (#1014)
          Rodger D. Smith II (#3778)
          Maria Granovsky (#4709)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          rsmith@mnat.com
           *Attorneys for Defendant*
           *Bio-Rad Laboratories, Inc.*

February 16, 2007

722751

## **CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on February 16, 2007, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

I also certify that copies were caused to be served on February 16, 2007, upon the following in the manner indicated:

### **BY EMAIL AND HAND**

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801

### **BY EMAIL**

> Thomas F. Fleming, Esquire
> Kay Scholer LLP
> 425 Park Avenue
> New York, NY  10022

> */s/ Rodger D. Smith II*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com